L. L. F. REALTY CO., INC., Plaintiff, v. FREDERICK V. FELL et al., as Members of the Council of the City of Long Beach, Defendants.— In this controversy submitted upon a statement of agreed facts pursuant to section 546 of the Civil Practice Act, plaintiff, as a taxpayer, seeks a determination that section 79 of the Charter of the City of Long Beach, as amended by Local Law, 1951, No. 1 of that city, is unconstitutional insofar as it permits the council of the city to issue bonds to finance construction of a sewer system, containing a provision for mandatory redemption prior to the date of their maturity, as in violation of the interdiction of section 2 of article VIII of the State Constitution, that such indebtedness shall be paid in annual installments over a period of years not longer than the period of probable usefulness of the object or purpose for which it was contracted and that no installment "shall be more than fifty per centum in excess of the smallest prior installment." Plaintiff also seeks an injunction restraining the defendants, as members of the council of the city, from taking further action to authorize the issuance of sewer bonds as contemplated by an ordinance enacted by the council dated February 24, 1951, as amended by ordinance dated May 9, 1951. The period of probable usefulness of a sewer system construction is thirty years. (Local Finance Law, § 11.00, subd. 4.) The ordinance estimates the cost of the construction to be $675,000, and it proposes to issue 675 serial bonds, each in the amount of $1,000, to mature in numerical order $20,000 in each of the fifteen years from 1952 to 1966, both inclusive, and $25,000 in each of the fifteen years from 1967 to 1981, both inclusive, for a total of payments equaling the estimated cost of the improvement in annual installments extending over a period of thirty years, commencing in 1952. However, the ordinance further states that the city shall be required to redeem "at least $245,000 par value of said bonds" in 1960 and likewise "at least $230,000 par value of said bonds" in 1961. Consequently, and it is so stipulated, liquidation to the extent of $265,000 in 1960 and $250,000 in 1961 is contemplated, and the payment in 1961 would also constitute the indebtedness fully paid. It is our opinion that the payments so required by way of redemption would be installments and that, therefore, the proposed installments payable in 1960 and 1961 would be "more than fifty per centum in excess of the smallest prior installment," which is in the amount of $20,000. In any event, if those payments be not installments then they certainly are prohibited, for only installments are contemplated by the constitutional provision. Accordingly, judgment is unanimously directed in

favor of plaintiff and against defendants, without costs. Present — Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ. Submit judgment upon five days' notice.